By the Court, Bronson, J.
The adjournment on the plaintiff’s application to a day beyond the next May term of the court was irregular, and the referees had no longer any power over the cause. Nothing but the consent of the defendant, or the order of the court, could authorize them to proceed further with *261 the hearing. But I think the plaintiff could not disregard the order for a reference, and proceed to trial at the circuit, without first obtaining the leave of the court. On the death, sickness, removal or other disqualification of one or more of the referees, the usual course is to apply for the appointment of other persons in then’ places; and if the court had been moved in this case, we might either have renewed the powers of the referees, or appointed others to take their places. It would not have been a matter of course to revoke the order for a reference, and direct a trial at the circuit. And should such an order be deemed expedient, it would then be proper to consider on what terms it should be made. The plaintiff has subjected the defendant to the trouble and expense of attending and producing evidence before the referees, and then by his own irregularity in procuring an adjournment beyond the next term has put an end to their powers. He would probably be required to pay the costs of the reference. Other things might also be taken into the account. The plaintiff has kept the cause hanging before the referees for more than three years, and in the meantime the defendant’s witnesses may have died, or removed from the state. But it is enough to say, that the plaintiff could not go on at the circuit without first obtaining a revocation of the order for a reference.
Motion granted.